UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ALYSSA S. PETERSON<br>*Debtor.* | ) CIVIL NO. 3:19-CV-00249 (KAD)<br>)<br>) BANKR. NO. 10-23429 (AMN)<br>) *Chapter 13*<br>)<br>) DECEMBER 2, 2019 |

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge

Pending before the Court is the appeal by debtor Alyssa S. Peterson ("Ms. Peterson" or the "Appellant") from two orders of the United States Bankruptcy Court ("Bankruptcy Court") issued in her Chapter 13 bankruptcy case.[1] In the first order, issued on January 28, 2019, the Bankruptcy Court denied three related motions: the Appellant's joint motion for reconsideration of the order closing her Chapter 13 case without discharge and for relief from that judgment; the Appellant's motion for an order to show cause; and the Appellant's second motion for order to show cause ("January 28 Order"). In the second order, issued on February 8, 2019, the Bankruptcy Court denied the motion for reconsideration of and relief from the January 28 Order ("February 8 Order"). For the reasons set forth below, these orders of the Bankruptcy Court are AFFIRMED.

**Background**

The Court assumes the parties' familiarity with the complex factual and the procedural history of the underlying bankruptcy case and other related proceedings. *See generally In re*

---

[1] The Appellant also appears to seek review of certain issues that are not within the scope of this appeal. For example, the Appellant appears to seek direct appellate review of the Chapter 13 trustee's final report. This Court's jurisdiction on appeal is limited to judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013. The Court will therefore only review the specific orders that are the subject of this appeal.

*Peterson*, No. 10-23429 (AMN), 2019 WL 364261 (Bankr. D. Conn. Jan. 28, 2019); *Peterson v. Wells Fargo Bank, N.A.*, No. 17-2081 (AMN), 585 B.R. 1 (Bankr. D. Conn. Apr. 19, 2018).

In brief, the Appellant was a debtor in a Chapter 13 bankruptcy case. The Bankruptcy Court approved a five-year plan by which the Appellant's general unsecured creditors would receive a 100 percent dividend (the "Plan"). The Plan included certain payment obligations by the Appellant and contemplated that the Plan would be funded, at least in part, with proceeds from pending litigation. The dispute on appeal centers around a proposed settlement in the amount of $25,000[2] made by Carlton Hume to resolve certain claims made against him and his firm by A to Zee, LLC ("A to Zee Payment").[3] The Appellant claims entitlement to the A to Zee Payment by virtue of a judgment she secured in state court against Hannah Woldeyohannes, the sole owner of A to Zee, LLC.

During the pendency of the Appellant's Chapter 13 bankruptcy case, Ms. Woldeyhonnes filed for Chapter 7 bankruptcy relief. *In re Woldeyohannes*, No. 11-20003 (AMN) (Bankr. D. Conn. filed Jan. 3, 2011). The Appellant filed a motion for relief from the stay in that case so that she could pursue her judgment against Ms. Woldeyhonnes, including by pursuing the assets of A to Zee, LLC. On January 17, 2013, the Bankruptcy Court (*Dabrowski, J.*) granted the Appellant's motion, authorizing her "to pursue recovery of her interests in [Ms. Woldeyohannes'] wholly-owned Connecticut limited liability company known as A to Zee, LLC . . . and any assets of A to Zee. . . ." *In re Peterson*, No. 10-23429, ECF No. 215, at 1–2 [hereinafter "Order No. 215"].[4] The

---

[2] The amount of the A to Zee Payment is referred to in the record alternatingly as $25,000 and $25,500. The Court will assume for purposes of appeal that the amount in dispute is $25,000, as represented by the Appellant.

[3] It is unclear from the record whether A to Zee, LLC accepted this settlement proposal and received the settlement funds. The Appellant's argument before the Bankruptcy Court and this Court assumes that A to Zee, LLC accepted the settlement offer and received the disputed funds. The Court assumes only for the sake of argument that this assumption is factually correct, as it does not change the outcome of this appeal.

[4] The Bankruptcy Court directed that the January 17, 2013 order be docketed in both the Woldeyohannes' case and the Appellant's case. The order was docketed as Entry No. 91 in the Woldeyohannes' case, and Entry No.

Bankruptcy Court further ordered that any compromise or settlement related to the Appellant's attempts to recover the assets of A to Zee, LLC must be approved by the Bankruptcy Court and any funds recovered by the Appellant must be turned over to her Trustee.

On November 12, 2015, the Appellant moved for approval of two proposed settlements made by Carlton Hume and Hume & Associates, LLC (collectively, "Hume") to resolve certain claims asserted by the Appellant and A to Zee, LLC in a state-court proceeding. Hume proposed paying $60,000 to the Appellant to resolve her claims, and he proposed paying $25,000 to A to Zee, LLC to resolve its claims. At a hearing on the motion, the Court (*Nevins, J.*)[5] repeatedly questioned whether she had jurisdiction to approve or act on the proposed settlement with A to Zee, LLC. On January 15, 2016, the Bankruptcy Court granted the Appellant's motion but "only insofar as it seeks approval to settle the Debtor's [*i.e.*, Ms. Peterson's] claims against Hume and [Hume & Associates], LLC." *In re Peterson*, No. 10-23429, ECF No. 410. Thereafter, although permitted to do so, it is undisputed that the Appellant took no steps to obtain or collect the A to Zee Payment. It is also undisputed that the trustee did not take any steps to secure the A to Zee Payment for the bankruptcy estate.

Over two years later, on March 8, 2018, the five-year term of the Plan expired. On July 31, 2018, the trustee filed a final report stating that the Appellant's Chapter 13 estate had not been fully administered ("Final Report"). On August 3, 2018, the Bankruptcy Court issued an order closing the case without discharge. On August 13, 2018, the Appellant filed a motion for reconsideration of the closure of her case without discharge and a motion for relief from that judgment ("motion for reconsideration"). The Appellant argued that the Final Report failed to

---

215 in the Appellant's case. Because the Appellant refers to this order using the entry number from her bankruptcy case, this Court will continue to follow that convention to avoid confusion.

[5] The underlying bankruptcy case was transferred to Judge Ann M. Nevins on April 20, 2015.

account for the A to Zee Payment, which had been "received" by her bankruptcy estate when she brought the existence of this settlement and her interest in it to the attention of the trustee. On August 16, 2018, the Appellant filed a motion for order to show cause, in which she challenged the trustee's failure to account for the A to Zee Payment in the Final Report. On October 5, 2018, the Appellant filed a second request for order to show cause, in which she challenged the trustee's improper decision to abandon the A to Zee Payment without following the procedures set forth in 11 U.S.C. § 554 for abandoning property of an estate.

On January 28, 2019, the Bankruptcy Court issued a memorandum of decision denying the motion for reconsideration and the two motions for order to show cause ("January 28 Order"). *In re Peterson*, No. 10-23429 (AMN), 2019 WL 364261 (Bankr. D. Conn. Jan. 28, 2019). The Bankruptcy Court found that the A to Zee Payment had not been brought into or received by the Appellant's bankruptcy estate. *Id.* at *7. The Bankruptcy Court rejected the Appellant's argument that, by operation of Order No. 215, the A to Zee Payment was automatically an asset of her bankruptcy estate. *Id.* Rather, the Bankruptcy Court explained that "[t]o the extent Ms. Peterson believed that she was entitled to receive the [A to Zee Payment] she could have exercised her non-bankruptcy, state law remedies, including obtaining a bank levy on the personal property of A to Zee, LLC. . . ." *Id.* Finally, the Bankruptcy Court rejected the Appellant's arguments that the trustee had any duty to obtain or collect the A to Zee Payment and that the trustee improperly abandoned an estate asset. *Id.* at *7–*8.[6]

---

[6] The Bankruptcy Court incorporated by reference into the January 28 Order a decision in a related adversary proceeding, *Peterson v. Wells Fargo Bank, N.A.*, No. 17-2081 (AMN), 585 B.R. 1 (Bankr. D. Conn. Apr. 19, 2018). In that adversary proceeding, the Appellant sued, among others, the former trustee of her Chapter 13 bankruptcy case, asserting as she does here, that the former trustee was obligated but failed to secure the A to Zee Payment for her bankruptcy estate. In the decision incorporated into the January 28 Order, the Bankruptcy Court rejected these claims and dismissed the counts brought against the former trustee.

4

On February 7, 2019, the Appellant filed a motion for reconsideration of and motion for relief from the Bankruptcy Court's January 28, 2019 decision ("motion for reconsideration"). Therein, the Appellant continued to dispute the import of the A to Zee Payment to the resolution of her bankruptcy case. On February 8, 2019, the Bankruptcy Court denied the motion for reconsideration ("February 8 Order"). On February 19, 2019, 2019, the Appellant filed the instant appeal of the January 28 Order and the February 8 Order.

**Standard of Review**

Courts "review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). For a factual finding to be clearly erroneous, it "must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Haworth*, No. 3:06-cv-00403(CFD), 2008 WL 4755851, at *3 (D. Conn. Oct. 29, 2008) (Droney, J.) (quoting *In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP 2000), *aff'd without opinion* 242 F.3d 367 (2d Cir. 2000)), *aff'd*, 356 Fed. Appx. 529 (2d Cir. 2009) (summary order).

On appeal, the Appellant seeks review of the orders denying her motions for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure, motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,[7] and motions for an order to show cause. A bankruptcy court's ruling on such motions is reviewed for abuse of discretion.[8] *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (motion for reconsideration); *Lawrence v. Wink (In re Lawrence)*, 293 F.3d 615, 623 (2d Cir. 2002)

---

[7] Rule 59 and Rule 60(b) of the Federal Rules of Civil Procedure are applicable to bankruptcy proceedings pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure.

[8] The Court construes the motion for order to show case as principally a motion to reopen. To the extent that the Appellant sought to levy sanctions against the trustee through this motion, the standard of review remains the same. *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (reviewing sanction orders for abuse of discretion).

(motion for relief from judgment); *see In re Emmerline*, 223 B.R. 860, 864 (2d Cir. 1997) (reviewing denial of motion to reopen for abuse of discretion); *In re Smith*, 426 B.R. 435, 440 (E.D.N.Y. 2010) (same). This standard of review is a "deferential" one. *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 263 (2d Cir. 2016). An abuse of discretion "occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (alterations omitted; citations omitted; internal quotation marks omitted).

When reviewing the denial of a motion for reconsideration, the Court is mindful that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Similarly, "[a] movant under Rule 60(b) must demonstrate 'exceptional circumstances' justifying the extraordinary relief requested." *Emp'r Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824–25 (2d Cir. 1996).

Lastly, the Court is mindful that submissions by *pro se* litigants, such as the Appellant, are "construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted; internal quotation marks omitted).

**Discussion**

With these standards in mind, the Court after having thoroughly reviewed the Bankruptcy Court's orders, the record from the underlying bankruptcy case and the party's briefs on appeal is

not persuaded that the Bankruptcy Court abused its discretion when denying the Appellant's motions.

The Appellant's appeal, like her motions before the Bankruptcy Court, rests on two flawed premises: (1) that the $25,000 A to Zee Payment was received by and was part of her bankruptcy estate and (2) that the trustee had a duty to obtain or collect the A to Zee Payment for her bankruptcy estate (or, in the alternative, to follow the procedures set forth in the Bankruptcy Code when abandoning that property).[9] As to the first premise, it is undisputed that the Appellant never undertook any efforts to attach, garnish, or otherwise collect the A to Zee Payment for her bankruptcy estate. It is similarly undisputed that the trustee never received the A to Zee Payment from the Appellant or any other source. The Appellant insists, however, that by identifying the existence of this payment and her potential legal interest in it she brought the A to Zee Payment into her estate. The Court is not aware of, and the Appellant has not cited to, any authority that supports the proposition that an asset becomes part of a Chapter 13 bankruptcy estate if a debtor simply identifies his or her potential interest in it, even though the asset is outside the custody or control of the debtor and trustee. This proposition is simply not reasonable.

As to the second premise, the Appellant is mistaken that the trustee had any legal obligation to collect the A to Zee Payment for the bankruptcy estate. Her arguments notwithstanding, Order No. 215 does not impose any obligations on the trustee. Order No. 215 permitted *the Appellant* to pursue recovery of her interests in A to Zee, LLC and its assets. If *the Appellant* was successful

---

[9] In her Briefing, the Appellant also asserts a series of claims arising out of Ms. Woldeyohannes' Chapter 7 bankruptcy case regarding the A to Zee Payment and how it was handled in that matter. Those claims are not before this Court in this appeal.

in those efforts, Order No. 215 required *the Appellant* to turn any funds recovered over to the trustee in her Chapter 13 bankruptcy case.[10]

The Appellant further suggests that the trustee had an obligation under the Bankruptcy Code to collect the A to Zee Payment on behalf of her bankruptcy estate. But, as the Bankruptcy Court aptly explained, "nothing in the Bankruptcy Code obligates anyone other than the debtor to fulfill the requirements of a confirmed plan" in a Chapter 13 bankruptcy case. *In re Peterson*, 2019 WL 364261, at *8 (quoting *In re Ladieu*, 548 B.R. 49, 61 (Bankr. D. Vt. 2016)); *accord In re Malewicz*, 457 B.R. 1, 7 (Bankr. E.D.N.Y. 2010) ("The Debtor is obligated under the Bankruptcy Code to make payments under the confirmed Plan or risk dismissal of the case. Nothing in the Code obligates anyone other than the Debtor to fulfill the requirements of the confirmed Plan."); *see* 11 U.S.C. § 1325(a)(6) (stating that the bankruptcy court shall confirm a plan if "*the debtor* will be able to make all payments under the plan and to comply with the plan" [emphasis added]); 11 U.S.C. § 1326(a)(1) (providing that "*the debtor* shall commence making payments not later than 30 days after the date of the filing of the plan" [emphasis added]); *compare* 11 U.S.C. § 704(a)(1) (setting forth duties of Chapter 7 trustee) *with* 11 U.S.C. § 1302(b) (setting forth duties of Chapter 13 trustee).[11]

In sum, the Bankruptcy Court did not abuse its discretion when it denied the motions that were the subject of the January 28 Order, nor did it abuse its discretion when denying the motion for reconsideration of the January 28 Order. The Bankruptcy Court's statement of the applicable law in the January 28 Order (which incorporated the decision dismissing the Appellant's claims

---

[10] Order No. 215 was consistent with the terms of the Appellant's Plan which similarly placed the onus on her to collect certain litigation proceeds and thereafter to turn them over to the trustee.

[11] The Court similarly finds no error in the Bankruptcy Court's rejection of the Appellant's related argument that the trustee improperly abandoned the A to Zee Payment as there is no evidence that the A to Zee Payment was ever the property of the bankruptcy estate.

against the former trustee) was correct, and its application of that law to the undisputed facts was presented in a thorough and well-reasoned analysis. Further, the Appellant's motion for reconsideration of the January 28 Order fell well short of the strict standard for reconsideration.

Any additional arguments not specifically addressed herein are found to be without merit.

**Conclusion**

For the reasons set forth in this decision, the orders of the Bankruptcy Court are AFFIRMED.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of December 2019.

 /s/ *Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE