# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | ) | CIVIL NO. 3:19-CV-00249 (KAD) |
| | ) | |
| IN RE: ALYSSA S. PETERSON | ) | BANKR. NO. 10-23429 (AMN) |
| *Debtor.* | ) | *Chapter 13* |
| | ) | |
| | ) | FEBRUARY 7, 2020 |

## ORDER
## RE: MOTION FOR RECONSIDERATION

Kari A. Dooley, United States District Judge

On December 2, 2019 the Court issued a decision affirming two orders of the United States Bankruptcy Court ("Bankruptcy Court") issued in the Chapter 13 bankruptcy case of the Appellant, Alyssa S. Peterson (the "Appellant"). *See generally In re Peterson*, No. 3:19-cv-00249 (KAD), 2019 WL 6467351 (D. Conn. Dec. 2, 2019). Pending before the Court is the Appellant's motion for reconsideration. (ECF No. 31.) The Court assumes the parties' familiarity with the factual and procedural history of this case. For the reasons set forth below, the motion for reconsideration is DENIED.

"The standard for granting a motion for reconsideration is strict." *Roman v. Leibert*, No. 3:16-cv-1988 (JCH), 2017 WL 4286302, at *1 (D. Conn. Sept. 27, 2017) (quoting *Ricciuti v. Gyzenis*, 832 F. Supp. 2d 147, 165 (D. Conn. 2011)); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. R. Civ. P. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The primary function of a motion for reconsideration 'is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.'" *Alexander v. Gen. Ins. Co. of Am.*, No. 3:16-cv-00059 (SRU), 2017 WL 188134, at *2 (D. Conn. Jan. 17, 2017) (quoting *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50

(2d Cir. 1994)).    A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

The Appellant's motion for reconsideration does not satisfy this stringent standard.  In her motion, the Appellant submits additional information concerning an involuntary Chapter 7 bankruptcy proceeding commenced against Hannah Woldeyohannes, the sole owner of A to Zee, LLC.  Specifically, the Appellant contends that certain admissions made by Woldeyohannes at a hearing on August 21, 2019, six months after the Appellant filed her bankruptcy appeal, prove that Woldeyohannes and her counsel improperly took the so-called A to Zee Payment thereby perpetrating a fraud upon the Bankruptcy Court in Woldeyohannes' Chapter 7 bankruptcy case.[1]  Thus, the Appellant argues, it is incumbent upon the trustee in her case to address this fraud and obtain the funds for the benefit of her Chapter 13 bankruptcy plan.

This "new" information does not impact or alter this Court's determination that the Bankruptcy Court properly held that the A to Zee Payment was never received by the Appellant's bankruptcy estate, that it was the Appellant's obligation to secure the payment for her estate, and that the trustee had no duty or obligation to obtain or collect the A to Zee Payment for the estate.

---

[1] The Court does not, and need not, make any findings concerning whether Woldeyohannes or her counsel actually perpetrated a fraud on the Bankruptcy Court or otherwise engaged in fraudulent or criminal conduct.  Whether or not a fraud occurred does not impact the outcome of the Appellant's motion.

First, in rendering its decision, this Court assumed that A to Zee, LLC had, in fact, received the disputed funds but determined that this fact did not impact the outcome of the appeal. *In re: Peterson*, 2019 WL 6467351, at *1, n.3. Second, the Appellant has not cited any authority that supports the proposition that if Woldeyohannes or her counsel perpetrated a fraud on the Bankruptcy Court in taking those funds from A to Zee, LLC, it would create any legal obligation on the part of the Chapter 13 trustee in the Appellant's bankruptcy case to retrieve or collect those funds for the Appellant's bankruptcy estate. The Court is not aware of any legal authority for this extraordinary proposition.

In sum, neither the receipt by A to Zee, LLC of the disputed payment nor any fraud allegedly committed by Woldeyohannes or her counsel in her Chapter 7 bankruptcy case has any bearing on the issues presented in this appeal. Accordingly, the Court sees no reason to reconsider its earlier decision. The motion for reconsideration (ECF No. 31) is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of February 2020.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE